# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HOLLIHAN, JR., ) | |
| ) | Civil Action No. 11 - 810 |
| Petitioner, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondent. | |

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that this action be dismissed for lack of subject matter jurisdiction.

II.  REPORT

In this action, Petitioner, Richard Hollihan, Jr., a state prisoner incarcerated at the State Correctional Institution at Somerset, has filed a Motion for Relief from a Judgment or Order under Fed. R. Civ. P. 60(b). Some background information is necessary to understand his complaint.

On May 8, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in this Court wherein he sought to challenge his conviction of first degree murder and sentence of life imprisonment imposed by the Court of Common Pleas of Allegheny County on February 4, 1986. Hollihan v. Sobina, No. 02-868 (W.D. Pa.). In a Report and Recommendation filed October 6, 2003, it was recommended that the 2002 petition be denied due to it being time

1

barred. The District Court adopted the report and recommendation, and, ultimately, the Court of Appeals denied a certificate of appealability.

On May 8, 2007, filed a second Petition for Writ of Habeas Corpus in this Court (docketed at Civil Action No. 07-102), wherein he attacked the same conviction. On June 8, 2007, United States District Judge Arthur J. Schwab entered an Order dismissing the Petition because the Court lacked subject matter jurisdiction over a successive petition. On December 23, 2009, the United States Court of Appeals for the Third Circuit denied Petitioner's application to file a successive petition under 28 U.S.C. § 2244.

On February 22, 2010, Petitioner filed a Petition for an Extraordinary Writ of Habeas Corpus in the United States Supreme Court under the All Writs Act, 28 U.S.C. § 1651(a) (ECF No. 4-1, p.1). On March 16, 2010, the Supreme Court returned his Petition for, *inter alia*, failing to show how what exceptional circumstances warranted exercise of the Court's discretionary powers and why adequate relief could not be obtained from any other court. On April 20, 2010, the Supreme Court further notified Petitioner that his papers were being returned because the denial by a court of appeals to file a second or successive petition for writ of habeas corpus may not be reviewed on *certiorari* (ECF No. 4-2). Petitioner filed another Petition for Writ of Habeas Corpus in the United States Supreme Court on May 25, 2010. On June 21, 2010, the Supreme Court denied the Petition (ECF No. 4-5).

In the present case, petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b). Specifically, on June 17, 2011, he filed a Motion for Relief from Judgment or Order in this Court (ECF No. 4). Petitioner's Motion and the underlying action must be dismissed for the following reasons.

First, this Court does not have jurisdiction to review orders from the United States Supreme Court. Second, state prisoners cannot circumvent the statutory requirements for filing a successive habeas petition by invoking the All Writs Act. Morales v. Florida Dept. of Corrections, 346 Fed. App'x 539 (11th Cir. 2009). In this regard, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See* Byrd v. Bagley, 37 Fed. App'x 94, 95 (6th Cir. 2002). A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence. Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003). Thus, Petitioner cannot use 28 U.S.C. § 1651, the All Writs Act, to circumvent AEDPA's prohibition on the filing of an unauthorized second or successive habeas petition. *See* Brennan v. Wall, 100 Fed. App'x 4, 5 (1st Cir. 2004); Halliburton v. United States, 59 Fed. App'x 55, 56-57 (6th Cir. 2003) (federal prisoner could not use the All Writs Act to circumvent the AEDPA's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255).

In the present case, Petitioner seeks relief from his criminal conviction. Thus, his claims are governed by 28 U.S.C. § 2254. Moreover, he has not shown that he has received the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3). Consequently, this action must be dismissed for lack of subject matter jurisdiction.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections

are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

September 22, 2011

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc: Richard Hollihan, Jr.
AJ-0676
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510-0002